Would the clerk call the next case, please? Case number 313-0959, People of the State of Illinois, Affiliated by Gary Gnadevich v. Archie Howard, Appellant by Carrie Bryson. Ms. Bryson, good morning. Good morning. May it please the Court. Counsel. Good morning. I'm Carrie Bryson, an Assistant Appellate Defender with the Office of the State Appellate Defender, and I represent the defendant, Archie Howard, in this appeal. We've raised a single issue in the case seeking an outright reversal of Mr. Howard's conviction but on multiple theories. Archie Howard was convicted of being a child sex offender present in a school zone, particularly loitering in a school zone. There's no dispute he is a child sex offender. He has a conviction from the early 2000s that qualifies him in that range. He also was within 500 feet of a school at the time of his arrest. The dispute in this case centers on the statutory definition of loitering and whether or not he was proved beyond a reasonable doubt to have been loitering as it is defined in the statute. Alternatively, whether that definition is unconstitutionally vague and must either be construed in a manner to render it constitutional or his conviction just be reversed because of the unconstitutionality. I'll take those in turn. Starting with the reasonable doubt argument, he was not loitering within the definition of the statute. I'm sure the court is familiar, but the facts are pretty simple and not really in dispute. He drove a friend who didn't have a license to the school so she could deliver lunches to her grandchildren. She was in the school building for what she says was four or five minutes and returned. By the time she returned, a police officer had pulled up behind Mr. Howard. He was parked across the street from the school. His car encroached into a crosswalk. An officer had driven by and observed that, ran his license plate, and found out he was a child sex offender, pulled up, got him out of the car, and he was very quickly placed under arrest for being in the area. Loitering is defined by the statute, specifically within the statute at issue as either standing, sitting idly, whether or not in a vehicle, or remaining within the school zone. At issue in this case, what the parties argued about in the trial court and what I've addressed, at least in the opening brief here, is the sitting idly provision because it's the one that specifically relates to whether or not you are in a vehicle. So we're, I guess, tasked with the question of what did the legislature mean when they said sitting idly because, of course, this court's first priority is to give effect to the intent of the legislature. They don't elaborate, but that phrase has a commonly understood meaning. You know, idly is without a purpose or inactively. The evidence was that he had a purpose for being there. It was not an improper purpose. Certainly nothing related. There was no evidence he was there to further some purpose with Senator Crawford when he's there. I mean, that's in dispute under this definition. Does he fit that definition of loitering? Sitting idly. No real purpose. I mean, that brings us kind of into the same issue that was posed to the United States Supreme Court in Morales is this idea of purpose. Is there no apparent purpose in Morales? In a lot of cases where this isn't that at all, but in the kidnapping or grabbing kids around the school district that obviously that's part of the purpose of this statute preventing past sex offenders from being around the school district. People drive up and car away around to see what kid's going to show up and, you know, capture them. Absolutely. And I mean, the legislature was very clear in stating its purpose when it enacted this. It's to protect children at school from known child sex offenders. No dispute that that purpose is proper. The dispute is whether or not this statute is too vague, I guess, to accomplish that purpose. Because as I understand it, your defense is that, well, if you have a friend that's in need of a ride, that could justify you going to the school area even though you're prohibited from doing it. My argument is you're not prohibited from doing it by this definition of loitering. It's not so much that it's an exception, but that this doesn't cover that. I think the debate, though, maybe this is a good point for me to shift into talking about the constitutionality of the vagueness of that language, because the reason without issue is fairly straightforward. Before you get there, loitering says standing or sitting idly, and to me it's an attempt to say if you're driving through the school zone, you're okay. If you're moving on, you're okay. But when you're idle or waiting for anything, you're not okay. Can you address that? Sure. I think this is kind of a point of debate, and I think counsel for the state is also pointing to the remaining language as kind of covering the same thing. You're staying in the school zone. Although I suggest you can drive around. You could circle the block in the school zone. At least the state has argued that, which seems a reasonable argument that you could drive around the block. I think that's why I think this is vague. I think as it's written, if we're looking at the plain language the legislature used, and sitting idly if we're talking about that, I mean, remaining, I guess, too, would beg the question for how long can you remain? How long can you endlessly drive around the block? Is there a time limitation on it? Other jurisdictions have similar legislation. There's no case in Illinois that I could turn up or that the state could turn up addressing this particular one, but maybe this is where we ought to look to what other jurisdictions have done and how they've construed their statutes in the face of morales, in the face of these broad loitering provisions that don't specifically define for what purpose something might be proper or improper. The problem in Morales, the United States Supreme Court case, was loitering for no apparent purpose. It was vague as to what kind of loitering was covered and what kind of loitering was not covered. In Stark, a South Dakota case, which we've pointed to in our briefs, loitering in a community safe zone was prohibited and it was defined as remaining for a time and under circumstances that a reasonable person would believe was for the purpose of observing or contacting minors. So a purpose specifically related to not just your status as a child sex offender, but what you're doing in that area. What either could be inferred as your purpose or what sort of overt acts you might commit. That was of help because it distinguished between innocent and harmful conduct. And the court said that that perhaps was the most important distinction, taking that statute out of the realm of Morales and the improper vagueness that was found in the loitering statute issued in Morales. In Showins, a case out of Iowa in 2014, which we've also discussed in the briefs, there were also exclusion zones and child sex offenders were prohibited from loitering in those exclusion zones, which was defined as remaining or circulating around a place under circumstances that would warrant a reasonable person to believe the purpose or effect was to enable the sex offender to either become familiar with the location where potential victims might be found, to satisfy an unlawful sexual desire, or to locate, lure, or harass potential victims.  The court was concerned about the first in that list, which was prohibiting from loitering in an area to become familiar with a place because potential victims might be found there. And the court said that could be construed one of two ways under that statute, either because it was a place where potential victims could be found, or coincidentally, victims might be found in a place that had no link to why the offender was loitering in the area. And the court construed that statute in such a way to require that the presence of the loitering be tied to the presence of the potential victims. Again, requiring that you need some improper purpose to avoid a Morales problem. This part of the statute doesn't require any improper purpose. Other parts of the statute do. I mean, loitering is defined in three parts. The second of which is exactly the same as the first, standing, sitting idly, or remaining, but also then goes on to say for the purpose of committing or attempting to commit a sex offense. I don't think you have to put a... if you're a sex offender in the past, then the question is can the law and the legislature make it a crime to be, you know, sitting in a car outside, within that geographic framework, outside of the school? Can they make that a crime? It appears they can make that a crime. You know, you've got a sex offender, they're close to the school, within the definition of the statute, and they're sitting idly, you know, the car's still, still moving. To me that begs the question, then why the second part of the definition? Why then also a definition which requires a purpose related to a sex offense? I mean, if number one covers it, why number two? You know, under the definition of loitering. If number one covers everything. Any presence in the school zone where you're stopped. And then... Overkill. It renders the first ones, or the second ones, superfluous, which is one of the things that we look at in construing statutes. I also might direct this court's attention to, within the statute itself, I mean this statute deals with more than just school zones. There is also a provision relating to presence in a public park zone. Same boundaries, within 500 feet of a public park. And that requires a specific act to violate that provision. To either approach, contact, or communicate. So loitering and either approaching, contacting, or communicating with a child under the age of 18 years old. Not present in the school provision. Parks are a little different though. I mean, there's other people present in parks other than school aged children. Parks though, to me, you're more likely to have unsupervised children in parks. That might be, to me, a greater risk. Whereas in a school, there is always an adult present. Those children are always under adult supervision. But again, if there were a part of this statute that said you can't approach them, you can't communicate with them, you can't attempt to contact them. Because those sex offenders can still be in the school zone. If they're driving through. If they're driving around, apparently, under this statute. This doesn't accomplish that. It's too vague. It doesn't tell you as a sex offender what you can do, what you can't do. What if you get stopped by the train? My kids go to school up the hill at Jefferson. I can't tell you how many times I've gotten stopped by the train waiting to get through. Do you have to quickly get out of the area? I mean, you can sit for 15 minutes waiting for a train. You're within 500 feet of a school. No question. You could be right next to the school. The kids could be on the playground. Is that prohibited? That's not clear. The statute isn't clear enough to let people know what is or is not prohibited. If it had a purpose requirement, if it had an overt act requirement, there would be no question. There also would be no question that my client wasn't violating a statute that had either an improper purpose or overt act requirement. Because there was no question that he was not there for any purpose related to observing children, trying to contact children, satisfy any sort of sexual desire. He drove a friend to the school. She was in the building five minutes. She came back out. She came back out and volunteered while she was there. There was no question. So what you're saying is this statute wouldn't be valid unless the person attempted to grab a child, which would be the overt act, or had a photograph of the child when arrested indicating the purpose was to grab that kid. I'm not sure we could list all the litany of ways it could be violated, but these statutes in South Dakota and Iowa certainly provide some guidance. The reasonableness. So a reasonable person would construe the purpose, given the circumstances, given the amount of time the person was in the zone, would construe that reasonably as being for an improper purpose. A purpose relating to observing or contacting minors. You don't have to actually grab them. The statute doesn't have to be that lenient. But there needs to be some impropriety. I look at the language of the statute and I think that the legislature could very easily have said you just can't stop by a school for any reason. But they used the word loitering and then they defined loitering, which would suggest, I would say, that they didn't intend to prohibit just being stopped by a school. That you had to be stopped under circumstances that suggested that you might be there for an improper purpose and to that end they defined loitering as not doing anything. Not having a purpose. And to me that contributes to the whole idea that there was something that they intended to prohibit other than just standing there. I don't disagree with that and to the extent our first argument is simply a reasonable doubt argument that there has to be some improper purpose, some non-real purpose and that he had one and it wasn't improper and that this wasn't the sort of thing that the legislature intended to fall within the reach of this statute. As an alternative to that, obviously we've pointed to the language as being unconstitutionally vague. That doesn't mean this court has to construe it in such a manner as to render it constitutional, which I would suggest would be to include a purpose or act requirement either taking it from the parks provision, which would make perfect sense to have that same language within 500 feet of a park or 500 feet of a school and attempting to approach or contact or communicate or to have a purpose similar to what is in the South Dakota or Iowa statutes relating to potential harm to a person in the zone. For all of those reasons, we'd ask the court to reverse outright Archie Howard's conviction of being a child sex offender in a school zone in this case. Thank you. Mr. Gnadevit. Good morning. May it please the court and counsel. Senate 20 ILCS 5 slash 11 9.3 is constitutional as written. I think from what I've heard this morning, I think what has to be kept in mind and I think what's very important here is to bear in mind what the specific argument is that's presented by the defendant and what standard is to be used in judging it. Because a lot has been said this morning about, well, Jefferson School and stopping by the park and everything. The thing is the argument that's presented is not a facial challenge to the statute. It is an as applied. And the standards are different. In the facial challenge, if there was a facial challenge to the statute, the statute facially is unconstitutional because it's vague. The defendant would have to show that the statute would be invalid under any imaginable set of circumstances. Anything theoretically possible. In other words, to put it in the affirmative, that basically in any context, the statute is incapable of having any kind of constitutional application. That's not the argument here. Whether or not his conduct would or would not be proper if stopped at the train by Jefferson School is totally irrelevant to determining this case. Reasonable doubt and constitutionality. As applied for a challenge, the statute must or will be unconstitutional as applied in the particular set of circumstances. So the part of challenging it has to take and show that application of the statute within the particular context that we are talking about here, i.e., the defendant parked in a vehicle 15 feet from school property on a school day when children are present, whether or not that challenge conduct is basically unconstitutional. The statute is applied to his conduct. Is that unconstitutional? When we look at that, do we have to have mathematical certainty? Of course not. That's the reason why, I think as Your Honor pointed out, they use the term loitering as opposed to not stopping. The other thing is in this particular case, a statute is not vague if a mere hypothetical situation involving disputed language or disputed conduct or meanings of some part of the statute is presented. So that's the reason why all this business about whether or not it includes this, it doesn't include that, etc., etc. That's the reason why that is totally irrelevant in the analysis. Because the fact that there might be some disputed or dispute with respect to language in a particular application might be possible, that's not pertinent here. It's as applied in this case. And when you look at the facts in this case, and you look at the statute, the statute is very clear. The statute tells you who, when, where, and what is prohibited. Who is prohibited? A sex offender. When? When children are present at a school. Where? Within 500 feet of a school. And what kind of conduct? Standing, sitting idly, whether in or out of a vehicle, remaining in or around school property. In this case, the defendant was in or around school property. I think the defendant tries to limit this argument, tries to limit what's being talked about with the constitutionality because the defendant was in a car. It doesn't make any difference if the defendant was in a car, if he was standing, whatever. If he's in or around, whether he's standing, as I am here, or if he's in a car sitting like he was in this case, the fact is, regardless if he was in or around school property. I think that the statute is very specific as to what conduct is prohibited, and considering the nature of the constitutional attack in this case, I think the court's analysis is limited to basically the facts and circumstances in this case. Whatever might happen in some hypothetical situation is totally irrelevant. We don't have to get to the constitutional argument, but we could just decide it on the pure language of the statute. That would be correct. And I guess that that's where my concern is because the legislature, as I said before, did not say that you can't be in the area of the school and not move it. It said you can't be loitering. And then it defined loitering. And loitering is sitting idly for no apparent purpose. He had a purpose. He was there because he had taken somebody there and she went in the school to drop off lunch for her children. He waited for her to come out. He was writing his bills while she was doing it. It doesn't seem to me that that falls within the definition of loitering. And I think the legislature, we have to look at the statute and say the legislature used the words for a reason. And they used the word and concept of loitering. So I'm not getting off on the constitutionality issue. I'm just trying to focus on the language of the statute and whether the language, whether the defendant's conduct comported with the language that the legislature used and didn't use. How do the other provisions of the statute that allow a parent who is a sex offender to be present at school? I think it's sections 9.3b that says the only exception is when the offender is near school property and is a parent or guardian of a student attending that particular school. Can we consider that as I mean that would have been a defense here. Sure. If he had a child in the school and was. I think that also adds to the constitutionality of the statute because it specifies specific conduct as to when the sex offender would be allowed onto the property. I think it factors into. And in response to your observation I take your language as to what you said the legislature put in the statute and what it didn't put in. And I find that interesting because what did the legislature not put in the statute? They did not use the word no. They did not use the word the intended purpose. They did not use for no apparent purpose. That was what they used with respect to the gang activity that was struck down. So I can see why the legislature would not articulate the fact of we don't care whether you have a purpose or not. If you have a purpose as a parent this is what you have to do. Otherwise there is no purpose for you being within the school district within 500 feet of the school. Purpose makes no difference. That's what made the statute in Morales unconstitutional was the fact of no apparent purpose. How in the world is a law enforcement officer going to be able to tell when somebody does or doesn't? I may take and be in the city of Chicago. I may approach somebody and ask them what time they have because I lost my watch. I don't have my phone or whatever. I need to know what time it is. Could it have been a gang member? Did I have an apparent purpose? Yes. How is the officer going to know what my purpose is in talking to this individual? That was the flaw. That was the problem in Morales. That ain't the problem here. This is very clear. The legislature did not want sex offenders within 500 feet of the school. When this defendant brought this lady, dropped her off, that was fine. If he would have parked 501 foot away, he would have been fine. He could have waited there all he wanted until she came out, drove up, picked her up and gone home. Basically, it doesn't make any difference whether or not we are getting tied up with this idea of purpose. The legislature didn't use that language. And I think that that is very significant with respect to this statute when you compare it to Morales. The legislature didn't say, as you just said, we don't want you within 500 feet of a school. They could have said that. They said, we don't want you loitering within 500 feet of the school. Semantics. Well, to take and say, they didn't say we don't want you within 500 feet. They said, we don't want you loitering. They don't want you loitering. They don't want you standing. They don't want you sitting idly. What is that telling you? They don't want you within 500 feet of the school. In or around or remaining. Remaining in, for example, if you're in a building. Or remaining around a building. That section, the definition, the first definition of loitering contains the language sitting idly behind you. Whether or not in part it says remaining. Or remaining in or around school property or public park property. The loitering is defined as standing, sitting idly, whether or not the person is in a vehicle, or remaining in or around school or public park property. Remaining in or around school or public park property. And so I think that it's clear that the legislative intent here is not to have such offenders within 500 feet of school property. And this defendant clearly was. His conduct clearly violated the statute. I think any reasonable person, without having put in the statute what a reasonable person would think, any reasonable person that would read the statute would clearly know what conduct is prohibited. And based on that, I think that number one, the statute is constitutional. As a result, number two, the defendant was proved guilty beyond a reasonable doubt. And we would ask the court to affirm. If there are any other questions, I'll be happy to respond. You know, they do have that second section where you said they didn't care what purpose. Then they threw in that second section that was really repeated in the first section and said you can't, then they included, for the purpose of committing a sex offence. Right. Your Honor said, Your Honor said overkill, but I think, and I wonder whether or not when we deal with this, I'm wondering if the legislature did that because if statutes, if a particular provision in statute is found unconstitutional, the whole statute is that we struck only certain portions. And so if by chance the court were to think that there had to be some sort of nefarious purpose for the sex offender to be within that zone, then it was covered by the second. And so if the first one was found unconstitutional, then there would still be a statute involved that would keep the sex offenders away from schools. That would be my surmise, totally. Any other questions, Your Honor? Thank you very much. Thank you. Ms. Bryson? Just to speak, Kate, I want to address your point again about loitering versus just being there. Other provisions of 9.3 seem to prohibit more broadly just being in a place as a sex offender. Subsection A, it is unlawful for a child sex offender to knowingly be present in any school building. And on and on. A5, it is unlawful for a child sex offender to knowingly be present within 100 feet of a site posted as a pickup or discharge for a school bus, essentially. A10, it is unlawful for a child sex offender to knowingly be present in any public park building, playground, etc. There is a way to prohibit the broader just being present somewhere. Is that covered by remaining? I think it's not covered by remaining. What does remaining mean then? He's sitting in the vehicle, he's within the geographic limitations, and he's parked. So first of all, the statute, the definition only includes vehicle when it talks about sitting idly, which I think would be one indication that being in your vehicle is not part of the remaining. I also think if remaining is so broadly construed to just staying in the place without any kind of definition about time, the things council is talking about would be covered. And you know he says that's not relevant to the argument here, but I think it is. Well, the present doesn't talk about time either, does it? No. All the examples you gave. Right. If you're just there. But that's what the legislature said about those. Rather than use the word present, they used remaining. They did use remaining, but again, within the definition of loitering, remaining doesn't refer to vehicle. Sitting idly is the only one that specifically refers to whether or not you're in a vehicle, which to me would exclude the other two, because they don't make reference to vehicle. Standing, sitting idly whether or not in a vehicle, or remaining in the loitering definition. But again, then would remaining be driving around the block? I mean, you're remaining in the school zone. Council cited that as a permissible example. I think if remaining is that broadly construed and applies to somebody in a vehicle, you're remaining in the school zone if you're driving around the block. So Archie Howard could not have avoided the reach of the definition if that is how it is construed. Also, are you remaining by just driving up, or are you idle by just driving up to drop the person off? You have a purpose, so we're saying it's okay to drive up to do that, but you idle while you drop somebody off at a place, presumably. You don't do just a slow roll and have them rush out of the vehicle. You have to idle there while they get in or out of your car. Under this definition, that's precluded. Under this definition, I would think that that would be precluded. You have to drop somebody off 501 feet from the door, and his defense was she couldn't walk. Our position at Maintain that they used loitering for a reason, they defined it this way for a reason. They didn't mean to simply ban the presence of the individual within 500 feet for any or all purposes because they would have said it. They said it in other parts of the statute to uphold this provision and uphold this conviction. We'd ask that you construe the definition as it is to include a requirement that there be a purpose, an improper purpose, and Archie Howard simply was not guilty under such a definition. Thank you, Your Honor. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The Court will stand in brief recess for a panel change.